UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **VINCENT TORRE JR.,** | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| v. | )   No. 2:25-cv-00132-NT |
| | ) |
| **JESSICA LEIGHTON,** | ) |
| | ) |
| Defendant | ) |

### RECOMMENDED DISMISSAL

In his pro se complaint, Vincent Torre Jr. brings claims of defamation, slander, and violation of his constitutional rights against Jessica Leighton. *See* Complaint (ECF No. 1). Torre did not pay the filing fee or file an application to proceed *in forma pauperis* (IFP).

Rather than ordering Torre to pay the filing fee or file an IFP application, I recommend the Court exercise its inherent authority and **DISMISS** his complaint. *See Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307-08 (1989). Torre's 42 U.S.C. § 1983 claim against Leighton fails because he does not allege—nor does it appear he could allege—that she was acting under color of state law. *See Estades-Negroni v. CPC Hosp. San Juan Capestrano*, 412 F.3d 1, 4 (1st Cir. 2005) ("If the plaintiff fails to allege facts sufficient to establish either the deprivation of a federal right or that the defendant . . . acted under color of state law, then the § 1983 claims is subject to dismissal."). And without a valid federal claim to serve as a jurisdictional hook, this Court lacks jurisdiction over Torre's state law defamation and slander claims because

1

he and Leighton are both citizens of Maine. *See* Complaint ¶¶ 1-2; *BRT Mgmt. LLC v. Malden Storage LLC*, 68 F.4th 691, 695 (1st Cir. 2023) ("Under [28 U.S.C. § 1332], . . . diversity must be complete; that is, no plaintiff may be a citizen of the same state as any defendant.").

Finally, this is the fourth groundless complaint Torre has filed in the past week or so. *See* Docket Nos. 2:25-cv-00118-NT, 2:25-cv-00127-NT, 2:25-cv-00128-NT. Because meritless pleadings waste limited judicial resources, I recommend that the Court **WARN** Torre that filing restrictions may be in the offing if he continues to file groundless complaints. *See Cok v. Fam. Ct. of R.I.*, 985 F.2d 32, 34-35 (1st Cir. 1993) (noting that courts may impose filing restrictions on abusive litigants after adequate notice).

## *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: April 8, 2025

/s/ Karen Frink Wolf
United States Magistrate Judge